ORIGINAL

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

CV 05 4076

ROSS, J.

| United States District Court | | District | EASTERN |
|---|---|---|---|

| Name (under which you were convicted): Chad Breland | Docket or Case No.: |
|---|---|

| Place of Confinement: Clinton Correctional Facility | Prisoner No.: 97-A-6918 |
|---|---|

| Petitioner (include the name under which you were convicted) Chad Breland | v. | Respondent (authorized person having custody of petitioner) Dale Artus BLOOM. M.J. |
|---|---|---|

| The Attorney General of the State of Eliot L. Spitzer |
|---|

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
Supreme Court Queens County

(b) Criminal docket or case number (if you know): _____ Ind. No. 15313/96 and 5566/95.

2. (a) Date of the judgment of conviction (if you know): _____
(b) Date of sentencing: _____

3. Length of sentence: _____ 30 years

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: _____

See attached page 2-A

6. (a) What was your plea? (Check one)

(1) Not guilty ☒☒     (3) Nolo contendere (no contest) ☐

(2) Guilty ☐     (4) Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge,
what did you plead guilty to and what did you plead not guilty to?

RECEIVED

AUG 2 2 2005

PRO SE OFFICE

5. Under two indictments that were consolidated Petitioner was convicted of six counts of burglary in the first degree; four counts of robbery in the first degree, and four counts of burglary in the second degree, criminal possession of a weapon in the second and third degree and criminal impersonation in the first degree, and sentenced to two consecutive terms of 15 years imprisonment of the top indictments amounting to an aggregate of 30 years imprisonment.

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury **XX**          Judge only ☐

7. Did you testify at either a pretrial hearing, trial or a post-trial hearing?

Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?

Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court: _New York State Appellate Division Second Department_

(b) Docket or case number (if you know): _____ AD No. 97-10915 _____

(c) Result: Judgments Affirmed

(d) Date of result (if you know): _____ March 15, 2004 _____

(e) Citation to the case (if you know): _People v. Breland, 772 N.Y.S.2d 844_

(f) Grounds raised: _____

See attached page 3-A

(g) Did you seek further review by a higher state court?   Yes ☒ No ☐

If yes, answer the following:

(1) Name of court: _New York State Court of Appeals_

(2) Docket or case number (if you know): _____ N/A _____

(3) Result: _Denied_

(4) Date of result (if you know): _____ August 22, 2004 _____

(5) Citation to the case (if you know): _____
Same as on direct appeal. See page 3-A attached

(6) Grounds raised: _____

_hereto._

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐ No ☒

If yes, answer the following:

(1) Docket or case number (if you know): _____

GROUND ONE

THE COURT ABUSED ITS DISCRETION AND DEPRIVED APPELLANT OF A FAIR TRIAL BY REFUSING TO SEVER THE CASES, WHEN APPELLANT NEEDED TO TESTIFY REGARDING HIS ALIBI IN ONE CASE AND, BECAUSE OF POTENTIAL CROSS-EXAMINATION REGARDING HIS STATEMENT TO THE POLICE, HAD A GENUINE NEED TO REFRAIN FROM TESTIFYING IN THE OTHER CASE, AND THERE WAS SUSTANTIALLY MORE EVIDENCE IN ONE CASE THAN THE OTHER U.S. CONST. AMEND. V, VI, XIV; N.Y. CONST. ART. I § 6; C.P.L. §§ 200.20 (3) (A) (B).

GROUND TWO

THE ENTIRELY CIRCUMSTANTIAL EVIDENCE AGAINST APPELLANT WITH RESPECT TO THE NOVEMBER 27, 1995 INCIDENT, WAS INSUFFICIENT TO PROVE HIS GUILTY BEYOND A REASONABLE DOUBT AND THE VERDICT WAS AGAINST THE WEIGHT OF THE CREDIBLE EVIDENCE, WHEN THE COMPLAINANT COULD NOT IDENTIFY THE MEN WHO COMMITTED THE CRIME, OTHER IDENTIFICATION EVIDENCE WAS CIRCUMSTANTIAL AND OF QUESTIONABLE ACCURACY, AND APPELLANT HAD AN ALIBI. U.S. CONST. AMEND XIV; N.Y.CONST., ART. I § 6 JACKSON V. VIRGINIA, 443 U.S. 307 (1970); PEOPLE V. BLEAKLEY, 69 N.Y.2d 490 (1987).

GROUND THREE

THE HEARING COURT ERRED TO DENY APPELLANT'S PRE-TRIAL MOTION TO SUPPRESS IDENTIFICATION TESTIMONY, STATEMENTS AND PHYSICAL EVIDENCE BASED UPON APPELLANT'S ARREST BEING PREDICATED ON LESS THAN PROBABLE CAUSE. U.S.C.A. CONST. AMEND. 4.

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

     Yes ☐  No ☒

11. If your answer to Question 10 was "Yes," give the following information:

  (a)  (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding: _____

      (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        Yes ☐  No ☐

      (7) Result: _____

      (8) Date of result (if you know): _____

  (b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding: _____

      (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      Yes ☐  No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      Yes ☐  No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition,

application, or motion?

    (1) First petition:    Yes ☐  No ☐

    (2) Second petition:    Yes ☐  No ☐

    (3) Third petition:    Yes ☐  No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _____ See attached page 6-A _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

See attached page 6-A

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒  No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

GROUND ONE

THE COURT ABUSED ITS DISCRETION AND DEPRIVED APPELLANT OF A FAIR TRIAL BY REFUSONG TO SEVER HE CASES, WHEN APPELLANT NEEDED TO TESTIFY REGARDING HIS ALIBI IN ONE CASE AND, BECAUSE OF POTENTIAL CROSS-EXAMINATION REGARDING HIS STATEMENT TO THE POLICE, HAD A GENUINE NEED TO REFRIAN FROM TESTIFYING IN THE OTHER CASE, AND THERE WAS SUSTANITALLY MORE EVIDENCE IN ONE CASE THAN THE OTHER U.S. CONST. AMEND. V, XIV; N.Y. CONST ART. I § 6; C.P.L. §§ 200.20 (3) (A) (B).

The evidence against Petitioner with respect to the November 13 incident, which included the identification of appellant by one of the complainants, was substantially stronger than that regarding the November 27 incident. Further, because Petitioner made a statement to the police regarding the November 13 incident, the substance of which he disputed, he could be subject to impeachment and therefore had a specific reason not to testify in that case. However, he needed to testify regarding his alibi on November 27 without having that testimony undercut, and his case substantially prejudiced, by impeachment regarding the statement. It is respectfully submitted that the trial court should have severed the cases in the interest of justice for good cause show, and its failure to do so was an abuse of discretion that deprived Petitioner of a fair trial.

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

GROUND TWO: _____ See attached page 7-A _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____ See attached page 7-A _____

_____

_____

_____

_____

GROUND TWO

THE ENTIRELY CIRCUMSTANTIAL EVIDENCE AGAINST APPELLANT WITH RESPECT TO THE NOVEMBER 27, 1995 INCIDENT, WA INSUFFICENT TO PROVE HIS GUILTY BEYOND A REASONABLE DOUBT AND THE VERDICT WAS AGAINST THE WEIGHT OF THE CREDIBLE EVIDENCE, WHEN THE COMPLAINANT COULD NOT IDENTIFY THE MEN WHO COMMITTED THE CRIME, OTHER IDENTIFICATION EVIDENCE WAS CRICUMSTNATIAL AND OF QUESTIONABLE ACCURCY, AND APPELLANT HAD AN ALIBI. U.S. CONST. AMEND. XIV; N.Y. CONST. ART I § 6 JACKSON V. VIRGINIA, 443 U.S. 307 (1970); PEOPLE V. BLEAKLEY, 69 N.Y.2D 490 (1987).

The alleged victim Freddie Bolston could not identify the men who stole from his apartment because they wore masks. The prosecution had to rely solely on circumstantial evidence primarily Officer Mannone's testimony in order to prove that Petitioner was one of the assailants. But Mannone's description of the clothing worn by the man he had questioned before learning of Bolston's robbery did not match what petitioner was wearing when he was arrested, and neither Mannone nor his partner described the man they questioned as having the scars Petitioner had on his face. Further, it is unlikely Petitioner would resort to armed robbery merely to steal Nintendo games from Brown, who was a friend of his and with whom he was arrested. Petitioner had an alibi that included being with Brown after the robbery took place.

In short, the evidence afforded no basis for a rational trier of fact to find Petitioner guilty beyond a reasonable doubt. It is respectfully submitted that the evidence here suggests a grave risk than an innocent man has been convicted.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

GROUND THREE: _____ See attached page 9-A _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

GROUND THREE

THE HEARING COURT ERRED TO DENY APPELLANT'S PRE-TRIAL MOTION TO SPPRESS IDNETIFICATION TESTIONY, STATEMENTS AND PHYICAL EVIDENCE BASED UPON APPELLANT'S ARREST BEING PREDICTATED ON LESS THAN PROBABLE CAUSE. U.S.C.A. CONST. AMEND. 4

During the suppression hearings the prosecution called Police Office Edward Mannone to testify as to the events which gave him reasonable cause to stop and arrest Petitioner. A close examination of the record of those proceedings will demonstrate the that the events described by Officer Mannone were patently inconsistent with his own signed statement and conflicting with the testimony of the two other officers who played key roles in the investigation which led to the arrest of Petitioner.

The record of those proceedings will also demonstrate that when Mannone confronted the two males that encountered in the Mazda several hours after the robbery and with in minutes of the police broadcast Mannone placed Petitioner under arrest and petitioner was bought to the police precinct.

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☐  No ☐

(4) Did you appeal from the denial of your motion or petition?

    Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

GROUND FOUR: _____ See attached page 10-A _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

GROUND FOUR

THERE WAS NO PROBABLE CAUSE FOR THE ARREST OF PETITIONER WHILE HE
SAT IN A CAR AT THE CORNER OF _____ .

At the suppress hearing Detective Cashen testified that he was off duty when he
received a phone call from a confidential informant and that he reported to the precinct.
Cashen then changed his testimony and claimed that he went immediately to the scene of
the crime. Cashen stated that on the way to the precinct he was paged and that he called
someone and he received information about a license plate. At this point, defense counsel
was no permitted by the hearing court to inquire into the specifics of the information Cashen
received. Detective Cashen was allowed to vouch for the reliability of the informant,
stating that he did not receive description of the perpetrators, and that all he had was a
license plate cumber, which was subsequently put over the police radio . although Cashen
did not write down the plate number he testified that he called the precinct and gave the
information.

GROUND FIVE

THE TRIAL COURT ERRED IN ITS CHARGE TO THE JURY BY SUA SPONTE AMENDING THE INDICTMENT SO THAT THEY JURY COULD CONVICT ON A THEORY DIFFEREN THEN THAT STATED IN THE INDICTMENT.

Petitioner submits that he had every right to rely on the theory presented in the indictment. His trial strategy, including, inter alia, cross-examination of the prosecutions witnesses and Petitioner's alibi defense was based upon the prosecutions theory as he believed it o be. The prosecuting attorney never requested that the indictment be amended to conform to the proof offered. The court however, in its charge did change the theory presented in the indictment, omitted an element, confused the jury and ensured Petitioner's conviction.

GROUND SIX

PETITIONER WAS DENIED THE ERRECTIVE ASSISTANCE OF COUNSEL AT TRIAL GUARANTEED BY BOTH THE UNITED STATES AND NEW YORK STATE CONSTITUTINS.

Trial counsel failed to have the People establish whether there was probable cause to arrest to Petitioner. During a calendar call before the Judge who was assigned to tried Petitioner's case substitute counsel indicated that he had been retained by Petitioner's family to represent Petitioner two days prior to the current court appearance, and became aware that there was a confidential informant who in essence gave up my client [Petitioner] for the first of these two incidents. Trial counsel stated that it's my belief that that individual may have been involved in this incident and there may have been some sort of cooperation or other sort of consideration given for the information he gave that led to the arrest of my

client. The prosecuting attorney acknowledged that there was an informant, that a somewhat hearing was conducted but that there was no arrangement or agreement, and that whatever paperwork defense counsel or the defense was entitled to, they were given. Trial counsel then informed the court that he had no paper work, nothing regarding the confidential informant. The trial court told counsel to obtain the files he ordered and that if at that time you find that you still don't have the information regarding the confidential informant I'll hear you.

It remains unclear whether counsel made any attempts to secure the above mentioned documents. However, what remains crystal clear is that counsel never received any additional information to add to the nothing he started out with and that he never bought the subject of probable cause or the confidential informant up again.

Trial counsel also failed to challenge the felony complaint as being defective and move for dismissal of the indictment as the information provided at the hearing lacked credibility and subsequently allowed for tailored testimony to sustain the State's burden of establishing probable cause.

Trial counsel also failed to challenge the admissibility of the abandoned property, the suggestiveness of the line-up, and the voluntariness off the purported statements Petitioner is alleged to have made.

## GROUND SEVEN

PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL.

Petitioner's appellate attorney completely failed his her duty to present meritorious arguments on behalf of Petitioner during the direct appeal process, even though the omitted issues was available at the time of the direct appeal and ignored by counsel.

While ignoring the more meritorious issues Petitioner's appellate counsel proceeded to present significantly weaker issues, which were not properly preserved in the trial court.

(b) If you did not exhaust your state remedies on Ground Four, explain why: Ground Four was the subject of a suppression hearing, preserved for appellate review and not raised by appellate counsel on direct appeal.

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐  No ☐

    (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☐  No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐  No ☐

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☐  No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐  No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☐  No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____ See attached page 12-A _____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

See attached page 12-A

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinions or orders, if available. _____

_____

_____

_____

_____

_____

_____

Grounds 4 - 5 were the subject of both pre-trial motions and suppression hearings, clearly identifiable on the record and not raised by appellate counsel.

Grounds 6 - 7 are being raised herein due to appellate counsel failure to raise Ground 6.

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   Yes ☐ N☒☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: <u>Thornhill Holden, 225 West 34th Street, New York</u>
<u>New York, 10122</u>

(b) At arraignment and plea: _____
<u>Same as above</u>

(c) At trial: <u>Samuel Karliner, 26 Court Street, Brooklyn New York</u>

(d) At sentencing: <u>Same as above</u>

(e) On appeal: <u>Yvonne Shivers and Lynn W.L. Fahey, 2 Rector Street</u>
<u>10th Floor, New York New York 10006</u>

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No☒☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

N/A

---

Petition is Timely

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: An order granting Petitioner
a writ of habeas corpus directing that Petitioner be released as
his current confinement is in violation of the U.S. Constitution.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this
Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___8/16/05___

_____ (month, date, year).

Executed (signed) on ___8/16/05___ (date).

Chad Breland Pro. Se

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing
this petition. _____

_____

## Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

#### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a <u>federal</u> judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

4. Make sure the form is typed or neatly written.

5. You must tell the truth and sign the form under penalty of perjury. If you make a false statement, you may be prosecuted for perjury.

6. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

7. The filing fee for a petition is $5. If you cannot pay the fee, you may ask to proceed <u>in forma pauperis</u> (as a poor person) by completing the attached declaration.

8. **CAUTION: You must include in this petition <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

9. If you were convicted in Brooklyn (Kings), Nassau, Queens, Staten Island (Richmond) or Suffolk County, then the Eastern District of New York is the proper Court in which to file your petition. Complete the attached form, keep a copy for yourself and send the original plus two copies (you need not copy these instructions) to:

> The Pro Se Office
> United States District Court
> Eastern District of New York
> 225 Cadman Plaza East
> Brooklyn, NY 11201

**FILED**
**IN CLERK'S OFFICE**
**U.S. DISTRICT COURT, E.D.N.Y.**

**\* AUG 2 ? 2005 \***

**BROOKLYN OFFICE**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
---------------------------------------x

**CV 05 4076**

CHAD BRELAND,

                              Petitioner,

                              <u>AFFIRMATION OF SERVICE</u>

        -against-

                              ROSS, J.

DALE ARTUS, Superintendent,
Clinton Correctional Facility,

                              BLOOM, M.J.

                              Respondent.
---------------------------------------x

I CHAD BRELAND , declares under penalty of perjury that I have
placed in the box designated for outgoing U.S. Mail Petitioner's
application for <u>a writ of habeas corpus</u> and two copies to be
forwarded to the Clerk of the Court for the Eastern District Court
225 Cadman Plaza East, Brooklyn New York 11201 on the day and date
indicated below.

Executed on August 16, 2005
Dannemora, New York 12929



RECEIVED
AUG 2 2 2005
PRO SE OFFICE

*Chad Breland*

Chad Breland 97-A-6918
P.O. Box 2001 CCF Main
Dannemora, New York 12929

Petitioner <u>Pro-Se</u>